UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
) Case No. 14-20844-HRT
TODD J. MCNALLY )
) Chapter 7
)
Debtor. )

**MOTION TO REOPEN CHAPTER 7 CASE**

Michael Carns, by and through his attorneys, Kutner Brinen Garber, P.C., moves the Court to reopen the Chapter 7 bankruptcy case of Todd J. McNally pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010 to enable Mr. Carns to file a Complaint objecting to the dischargeability of Mr. Carns' claim and/or a Complaint to Revoke the Debtor's Discharge and as grounds therefor states as follows:

1. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on August 6, 2014.

2. Michael Carns ("Carns") is a creditor of the Debtor holding a claim based upon a Judgment in the amount of $700,000 plus interest at the rate of 11% per annum from the date the Judgment was entered on February 6, 2008 ("Claim"). The Judgment was entered in the Circuit Court of the 12th Judicial Circuit in and for Sarasota County, State of Florida, Case No. 2007-CA-014140-NC ("Sarasota Lawsuit").

3. The Debtor was involved in the Sarasota Lawsuit and did participate in the lawsuit. The Debtor filed a motion to vacate judgment on or about February 22, 2008 in the Sarasota Lawsuit seeking to vacate the judgment obtained by Carns. The Debtor's motion to vacate was denied.

4. The Debtor's Certificate of Counseling filed in connection with his bankruptcy case was issued by an agency located in the State of Florida.

5. The Debtor's Statement of Financial Affairs paragraph 15 reflects that the Debtor resided at an address stated as 4400 South Quebec #C108, Denver, Colorado 80237 ("Quebec Address"). The Statement of Affairs question 15 answer reflects that the Debtor claimed to have resided at the Quebec Address since October 2011 and in the State of California from March of 2013 through June of 2013. The answer further reflects that the Debtor also indicates that he has resided in Florida part time since January 2014.

6. The Debtor describes his assets in the bankruptcy case as consisting of a total of approximately $100 in a bank account and $350 in clothing along with two claims for unknown amounts. No real estate assets exist and no other assets appear to exist. This constitutes the total sum of the Debtor's assets notwithstanding the fact that he claims to be living in two residences located in the States of Colorado and Florida.

7. The Debtor scheduled "Michael Carnes" [sic] as a creditor on Schedule F, however, the Schedule F does not include any address for Carns, there is no basis stated for the claim, and the claim is stated in an unknown amount.

8. The Debtor's Schedule I indicates that he has been engaged in auto sales with his employer, Vestor Auto Lease LLC, located at 1732 Old Summerwood Blvd. The Schedule does not show the name of the city or state for this location. Carns believes the location is in Sarasota, Florida ("Summerwood Address"). Rather than consisting of an office or other car vendor, the location consists of a private residential home located at such address. See Exhibit A attached hereto.

9. Carns is not listed on the Debtor's original creditor matrix in this case.

10. On August 18, 2014, the Debtor filed a Notice of Amendment of Schedules of Debt and/or Addition of Creditors. This notice included a listing for Michael Carns, c/o James D. Gibson, 400 Burns Court, Sarasota Florida 34236. The claim is stated as being unknown in amount and general unsecured.

11. Mr. James Gibson was the attorney for Carns during the course of the Sarasota Lawsuit which resulted in the Judgment in 2008. James Gibson was not acting as Carns' attorney at the time the Debtor's Chapter 7 case was filed in August 2014, 6 years later.

12. The Debtor was fully aware that Carns had obtained a Judgment against the Debtor in 2008, that the amount of the Judgment was $700,000 plus interest, and the address of Carns who has lived at the same location since the time he first met with the Debtor. Carns' address is P.O. Box 885, Osprey, Florida 34229.

13. Carns never received any notice of the Debtor's pending bankruptcy case from the date the case was filed through the date on which a discharge was entered or the case was closed. As a result, Carns never had any effective opportunity to contest the dischargeability of his claim.

2

14. Carns' claim is based on fraud committed by the Debtor in connection with the Debtor's obtaining a loan from Carns prior to 2007.

15. Carns' independent investigation of the Debtor has revealed a number of items that do not appear to be accurate with respect to the Debtor's Petition, Statement of Financial Affairs, and Schedules. These items include, but are not limited to the following:

   a. It does not appear that the Debtor resided in the State of Colorado at the time the bankruptcy case was filed. The Debtor appears to have continuously resided in the State of Florida prior to and since the bankruptcy case filing. The Debtor has consistently maintained a Florida drivers license since it was originally issued on November 8, 2009 through its current expiration date of November 29, 2017. The drivers license was never changed to reflect any change in residence by the Debtor to Colorado, California, or any other state;

   b. The Debtor appears to have authored a book by the name of Success Right Now which remains for sale online and is represented online as having been published June 28, 2013. The book is authored by the Debtor. The Debtor's Statement of Financial Affairs and Schedules do not reflect any interest in the book or any transfer of the Debtor's interest in the book during the two years prior to the Debtor's Petition date;

   c. While the Statement of Affairs number 18 indicates that the Debtor was involved with Thee Life.Com LLC from 2007 to 2008, it appears that the website for this name was still active in 2014 and listed the Debtor as the Registrant and Admin Name with the street location at the Summerwood Address;

   d. It appears that Electronic Articles of Organization for a Florida Limited Liability Company named TheeLife, LLC was filed April 30, 2014 and used the Summerwood Address as its mailing address and showed that "TJMCNALLY" signed as member or authorized representative. This company is not listed in the bankruptcy case; and

   e. It appears that the Debtor failed to schedule or list several additional companies that he owned, managed, or had a financial interest in during the time of his bankruptcy.

16. Grounds exist to revoke the Debtor's discharge under 11 U.S.C. § 727(d) for having obtained the discharge based on fraud in connection with the Debtor's Chapter 7 bankruptcy case.

17. Grounds exist for Carns to file a Complaint objecting to the dischargeability of his Claim. The Debt was based on the Debtor's fraud with respect to Carns and Carns did not have actual notice of the bankruptcy filing or the pendency of the bankruptcy case in order to enable Carns to file a Complaint objecting to the dischargeability of his claim.

18. While the time for filing Complaints objecting to dischargeability has passed, such dates should not be applied to Carns since he did not have actual notice of the final date for filing a Complaint objecting to dischargeability. In the case of a Complaint to revoke the Debtor's discharge, Carns will have until November 13, 2015 to file such a Complaint.

WHEREFORE, Michael Carns prays that the Court make and enter an Order Reopening the Debtor's Chapter 7 bankruptcy case to enable Michael Carns to file a Complaint objecting to the dischargeability of debt and/or a Complaint to revoke the Debtor's discharge, and for such further and additional relief as to the Court may appear proper.

DATED: August 7, 2015          Respectfully submitted,

By:    */s/ Lee M. Kutner*
       Lee M. Kutner #10966
       KUTNER BRINEN GARBER, P.C.
       1660 Lincoln Street
       Suite 1850
       Denver, CO 80264
       Telephone: (303) 832-2400
       Fax: (303) 832-1510
       e-mail: lmk@kutnerlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 10, 2015, I served by prepaid first class mail a copy of the foregoing **MOTION TO REOPEN CHAPTER 7 CASE** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Todd J. McNally
4400 South Quebec
#C108
Denver, CO 80237

Erica Nicole Vargas, Esq.
1720 South Bellaire
Suite 205
Denver, CO 80222

Joseph Rosania, Esq.
Chapter 7 Trustee
950 Spruce Street
Suite 1C
Louisville, CO 80027

_____
Vicky Martina





# 1732 Old Summerwood Blvd,

Sarasota, FL 34232

**3 beds · 2 baths · 2,042 sqft**

**PENDING**

**$329,900**
Est. Mortgage

See current rates on Zillow

This gorgeous custom-built Pinehurst model in Sarasota's Summerwood neighborhood is on the

**CONTACT AGENT**



**Debra Garrett**
★★★★★ (2)
Premier Sotheby's
International Realty
(941) 313-3804

  Your Name

  Phone

✉ Email

I am interested in the home pending sale at 1732 Old Summerwood Blvd



**EXHIBIT A**